



**Complaint**

Electronically Filed
11/27/2017 3:33 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
ROBERT D. VANNAH, ESQ.
Nevada Bar No. 002503
L. DIPAUL MARRERO II, ESQ.
Nevada Bar No. 012441
**VANNAH & VANNAH**
400 S. Seventh Street, Suite 400
Las Vegas, Nevada 89101
Telephone (702) 369-4161
Facsimile  (702) 369-0104

*Attorneys for Plaintiff*

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| PATRICIA MARR, | CASE NO.: A-17-765187-C |
| Plaintiff, | DEPT NO.: Department 6 |
| vs. | |
| NANA A. TURKSON; KOFI B. TURKSON; GEICO GENERAL INSURANCE COMPANY; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive, | **COMPLAINT** |
| Defendants. | |

Plaintiff PATRICIA MARR (Plaintiff), through her attorneys of record, ROBERT D. VANNAH, ESQ., and L. DIPAUL MARRERO II, ESQ. of the law firm of VANNAH & VANNAH, hereby complains and alleges as follows:

I.

## IDENTIFICATION OF THE PARTIES

1. At all times relevant herein, Plaintiff was a resident of Clark County, Nevada.

2. Plaintiff is informed, believes, and thereupon alleges, that at all relevant times, Defendant NANA A. TURKSON (hereinafter referred to at times as "Defendant") was, and is a resident of Clark County, Nevada.

1

3. Plaintiff is informed, believes, and thereupon alleges, that at all relevant times, Defendant KOFI B. TURKSON was, and is a resident of Clark County, Nevada, and is the natural born father of Defendant NANA A. TURKSON (hereinafter jointly referred to at times as the "Turkson Defendants") and the owner of the vehicle she operated at the time of the subject collision this Complaint is concerned with, and is thereby liable for Defendant NANA A. TURKSON's negligence in this matter pursuant to NRS 41.440.

4. Plaintiff is informed, believes, and thereupon alleges, that Defendant GEICO GENERAL INSURANCE COMPANY (hereinafter "Geico"), is an insurance company duly licensed to provide insurance coverage within the State of Nevada including uninsured and underinsured motorist coverage.

5. At all times herein, Geico provided a policy of insurance, which included uninsured and underinsured motorist coverage to Plaintiff in the State of Nevada, under claim number 0423852800101019 covering the subject collision this Complaint is concerned with.

6. The true names and capacities, whether individual, corporate, associate, or otherwise of DOE Defendants I through X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated as a DOE Defendant is responsible in some manner for the events and happenings described herein. As such, Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of said Defendants as they become identified and known to Plaintiff.

7. DOES VI through X may be immediate family members of the Turkson Defendants, who may be liable for Defendants' negligence, pursuant to NRS 41.440, which states:

> any liability imposed upon a wife, husband, son, daughter, father, mother, brother sister or other immediate member of a family arising out of his or her driving and operating a motor vehicle upon a highway with the permission, express or implied, of such owner is hereby imposed upon the owner of the motor vehicle, and such

owner shall be jointly and severally liable with his or her wife, husband, son, daughter, father, mother, brother, sister, or other immediate member of the family for any damages proximately resulting from such negligence or willful misconduct, and such negligent or willful misconduct shall be imputed to the owner of the motor vehicle for all purposes of civil damages.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants ROE Corporations I through X, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed, believes, and thereupon alleges, that each of the Defendants designated as a ROE Corporation is responsible in some manner for the events and happenings described herein. As such, Plaintiff will seek leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants as they become identified and known to Plaintiff.

9. ROE CORPORATIONS VI through X are insurance companies, casualty companies, corporations, or other business entities who wrote or participated in writing Geico policy covering Plaintiff regarding claim number 0423852800101019, or who participated in the claim processing and/or handling of Plaintiff's claims, as herein alleged.

10. Plaintiff alleges that one or more of the ROE CORPORATION Defendants is liable to Plaintiff for benefits under their policy of insurance and/or is responsible for evaluation of Plaintiff's claims.

## II.

## GENERAL ALLEGATIONS

11. Plaintiff hereby repeats and realleges Paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12. At all times material to this Complaint, the acts and omissions giving rise to this action occurred in Clark County, Nevada.

13. On or about December 8, 2015, Plaintiff was driving in her vehicle, and was covered by a Geico insurance policy, which provided underinsured and uninsured motorist benefits (hereinafter the "Policy").

14. Plaintiff was travelling southbound in the number two travel lane of South Hualapai Way approaching the entrance to Bishop Gorman Catholic School.

15. At the same time, Defendant NANA A. TURKSON was piloting her vehicle northbound in the center turn lane of South Hualapai Way heading toward its intersection with the entrance to Bishop Gorman Catholic School.

16. Defendant NANA A. TURKSON failed to exercise due care, failed to pay attention to traffic conditions, failed to yield the right of way, and made a left turn directly into the path of Plaintiff's vehicle, causing a massive collision, which caused Defendant NANA A. TURKSON's vehicle to rotate approximately ninety degrees.

17. Plaintiff suffered serious injuries as a result of the December 8, 2015, collision, specifically a left hip labral tear and left hip femoral acetabular impingment, and underwent an arthroscopic labral repair and arthroscopic femoral osteochondroplasty on February 10, 2017. Plaintiff has been recommended and will undergo additional surgery to her left hip related to the December 8, 2015 collision.

18. Plaintiff was covered by the Geico Policy at the time of the December 8, 2015 collision, and made demands for her underinsured motorist policy limits, which were not accepted by Geico.

### III.

### FIRST CAUSE OF ACTION

19. Plaintiff hereby repeats and realleges Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. Plaintiff is informed, believes, and thereupon alleges, that Defendant NANA A. TURKSON owed Plaintiff multiple duties to use reasonable care and diligence in the performance of various functions and acts. Such duties to use reasonable care and diligence owed to Plaintiff by Defendant NANA A. TURKSON include, but are not limited to: the duty to use reasonable care and diligence in the operation of a vehicle; the duty to pay attention to traffic conditions around her; the duty to exercise due care; the duty to yield the right of way, and, the duty to use reasonable care and diligence in making the public and private roadways reasonably safe for other users of the roadways.

21. Defendant NANA A. TURKSON breached her duties to Plaintiff when she negligently and carelessly performed various functions and acts, including, but not limited to, the negligent operation of a motor vehicle, her failure to yield, her failure to pay attention to surrounding traffic conditions, her making a left turn in front of oncoming traffic, and her negligence in causing the subject collision.

22. Plaintiff is informed, and believe, and thereupon alleges, that Defendant NANA A. TURKSON knew or should have known through the exercise of due care that the negligent and unsafe manner of operation of the vehicle posed a risk to the public safety, and could result in a motor vehicle collision.

23. Plaintiff is informed, and believes, and thereupon alleges that Defendant NANA A. TURKSON operated a motor vehicle in a manner which violates State of Nevada, County of Clark, and City of Las Vegas/Henderson statutes, laws, and ordinances, including, but not limited to, failure to use due care in the operation of his vehicle, his failure to make a safe lane change, and his failure to avoid the collision with Plaintiffs.

24. Plaintiff is within the class of persons intended to be protected by the statues, laws, and ordinances of the State of Nevada, County of Clark, and City of Las Vegas/Henderson which were violated by Defendant.

5

25. The injuries suffered by Plaintiff were of the type against which the statutes, laws, and ordinances of the State of Nevada, County of Clark, and City of Las Vegas/Henderson were intended to protect.

26. Defendant operated her motor vehicle in a manner which violated those laws, statutes, and ordinances.

27. Defendant breached her duties to Plaintiff when she negligently and carelessly performed various functions and acts, including, but not limited to his failure to use due care in the operation of his vehicle, his unsafe lane change, and his failure to avoid the collision with Plaintiffs.

28. As a direct and proximate result of the negligence and carelessness of Defendant NANA A. TURKSON, Plaintiff was severely and permanently injured. Plaintiff has incurred medical bills, bills for property damage, loss of wages, and endured pain and suffering, worry, anxiety, emotional distress, as well as the loss of enjoyment of life. Plaintiff will continue to endure said losses and damages for an indefinite period of time in the future, in an amount in excess of Ten Thousand Dollars ($10,000.00).

29. Defendant NANA A. TURKSON was operating a vehicle owned by, and with the permission of, her natural father KOFI B. TURKSON, who is therefore liable for her actions pursuant to NRS 41.440.

30. Plaintiff has been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney fees and costs of suit incurred in this action.

### IV.

### SECOND CAUSE OF ACTION

31. On December 8, 2015, Plaintiff was in a motor vehicle accident as previously described herein.

32. Plaintiff made a claim for her injuries against the Turkson Defendants for their policy limits of $100,000.00.

33. Plaintiff made a claim with Geico under the Policy for the December 8, 2015 motor vehicle accident, for her underinsured motorist benefits in the amount of $100,000.00, on December 14, 2016, which demand included the recommendation for the arthroscopic surgery Plaintiff eventually underwent, along with all Plaintiff's past medical billing and records, and which evidence past and future medical specials of $54,921.58.

34. Geico acknowledged receipt of that demand letter on December 23, 2016, and requested a recorded statement from Plaintiff, which Plaintiff subsequently gave to Defendant Geico.

35. Plaintiff subsequently provided Defendant Geico medical authorizations at Geico's request.

36. Plaintiff continued to supplement her demand to Geico and complied with all requests made by Geico related to Plaintiff's demand for underinsured motorist benefits in the amount of Plaintiff's $100,000.00 policy limits.

37. Geico made Plaintiff an offer to settle her underinsured motorist claim in the amount of $3,021.58 on May 19, 2017.

38. Geico, having knowledge of Plaintiff's surgical recommendation and subsequent surgery as previously described herein, failed to tender the policy limits as demanded and/or evaluate Plaintiff's claims, or respond to them in any way, thereby materially breaching the insurance contract as set forth in the Policies.

39. Plaintiff has incurred expectation damages for Geico's failure to pay benefits pursuant to the insurance contracts.

40. Plaintiff has incurred consequential damages, including attorney's fees, and emotional distress, which would be foreseeable to reasonable insurers in excess of $10,000.00.

///

## V.

## THIRD CAUSE OF ACTION

41. The Plaintiff incorporates herein by reference all allegations within this complaint and further allege as follows:

42. Geico misrepresented to Plaintiff pertinent facts or insurance policy provisions relating to the coverage at issue, as prohibited by NRS 686A.310(1)(a).

43. Geico failed to acknowledge and act reasonably and promptly upon Plaintiff's communications with respect to their claims, as required by NRS 686A.310(1)(b).

44. Geico failed to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiff's claims, as required by NRS 686A.310(1)(c).

45. Geico failed to affirm or deny coverage within a reasonable time after proof of loss requirements were completed and submitted, as required by NRS 686A.310(1)(d).

46. Geico failed to effectuate a prompt, fair and equitable settlement of Plaintiff's claims when Geico's liability became reasonably clear, as required by NRS 686A.310(1)(e).

47. Geico compelled Plaintiff to institute litigation to recover amounts due under an the Policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered, in violation of NRS 686A.310(1)(f).

48. As a result of Geico's commission of the aforementioned unfair claims practices, Plaintiff is entitled to expectation damages.

49. Plaintiff is entitled to consequential damages, including attorney fees and emotional distress, incurred as a result of Geico's unfair claims practices, in an amount in excess of $10,000.

50. The aforementioned actions were done with a conscious disregard for the rights of Plaintiff, thereby subjecting her to unjust hardship. Plaintiff is therefore entitled to punitive damages.

## VI.

## FOURTH CAUSE OF ACTION

51. Plaintiff incorporates herein by reference all allegations within this complaint and further allege as follows:

52. Defendant Geico and/or DOE Defendants and/or ROE Corporations failed to deal fairly and in good faith with Plaintiff by their refusal to pay Plaintiff the policy limits as demanded and/or evaluate Plaintiff's claims arising from the motor vehicle accident of December 8, 2017, breaching the implied covenant of good faith and fair dealing inherent in the Policy.

53. Defendant Geico's and/or DOE Defendants' and/or ROE Corporations refusal to evaluate and/or pay Plaintiff's claims was done so in the absence of a reasonable basis for denying such benefits under the policy, and was done with Geico's and/or DOE Defendants' knowledge and/or reckless disregard of the lack of a reasonable basis for denying the claims.

54. As a result of the breach of the implied covenant of good faith and fair dealing, Plaintiff is entitled to damages for denied benefits.

55. Plaintiff is also entitled to consequential damages, including attorney's fees, work loss and emotional distress, incurred as a result of Geico's and/or DOE Defendants' and/or ROE Corporations' bad faith in excess of $10,000.

56. Defendant Geico's and/or DOE Defendants' and/or ROE Corporations' willful, wanton, malicious, reckless, oppressive, and/or fraudulent breach of the covenant of good faith and fair dealing entitle Plaintiff to punitive damages.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For a sum in excess of $10,000.00 as and for past and future medical expenses as to all Defendants;

9

2. For a sum in excess of $10,000.00 as and for general damages for pain, suffering, mental distress, anguish and fear as to all Defendants;

3. Damages for loss of earning capacity as to all Defendants;

4. Damages for interest from the date of accident to the time of judgment as to all Defendants;

5. For compensatory damages as to all Defendants;

6. For punitive damages against Defendant GEICO.

7. For reasonable attorneys' fees plus costs of suit.

DATED this __27__ day of November, 2017.

                                     VANNAH & VANNAH

By: _____
ROBERT D. VANNAH, ESQ.
Nevada Bar No. 002503
L. DIPAUL MARRERO II, ESQ.
Nevada Bar No. 012441
400 S. Seventh Street, Suite 400
Las Vegas, Nevada 89101
Telephone 702-369-4161
Attorneys for Plaintiff